## No. 3332.

### JOHN P. STAGG *v.* F. BELDEN.

The managers of defendant's business, during his absence, had employed the plaintiff as clerk in his store, at the rate of two thousand dollars per annum, to begin on the first day of March, 1870, with a proviso that, if his services were not found satisfactory by defendant, the engagement would be cancaled on the first day of April, on paying to plaintiff one hundred and fifty dollars for his services in March. This contract was to be ratified by defendant, then absent. He returned on the thirteenth of April, and on the twenty-fifth of the same month, he discharged the plaintiff, whose claim under the contract is the object of the present suit.

If the managers of defendant's business had no authority to employ plaintiff, their act should have been repudiated immediately. It was unfortunate for defendant, if his agents failed to give him correct information of the contract, but it was not plaintiff's fault. Besides, when defendant returned to his store on the thirteenth of April, and found the plaintiff employed as clerk, it was his duty to inquire concerning the terms upon which his agents had engaged his services. Nothing of the kind, however, was done by him, until he concluded to discharge plaintiff on the twenty-fifth of April. His silence from early in March till the twenty-fifth of April, must be regarded as a tacit acceptance of the employment of plaintiff.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Hays & New, James Lingan*, for plaintiff and appellee. *G. A. Breaux*, curator *ad hoc*, for defendant and appellant.

WYLY, J. The defendant discharged the plaintiff from his employment as clerk on the twenty-fifth April, 1870, and was sued by the latter for the year's salary.

It appears that the defendant is absent the greater part of the time from the State and that his store is managed by his clerk Eames, and his son W. G. Belden, the bookkeeper. In February, 1870, Eames applied to plaintiff to employ him as clerk in the store of the defendant, proposing to hire him by the month at $150 per month; the proposition was declined, the plaintiff desiring to be employed by the year at

a salary of two thousand dollars. Eames then proposed to take the plaintiff on probation for sixty days. This was declined. It was finally agreed that the plaintiff should be employed on probation of thirty days at the salary demanded by him, services to begin on the first day of March. Before entering upon the services the plaintiff required the following written contract to be signed:

"NEW ORLEANS, March 1, 1870.

"F. Belden, New Orleans:

"DEAR SIR—Your proposition, made to me by your son, Mr. W. C. Belden, to the effect that, from the first day of April, 1870, you would pay me, as a salesman and solicitor of trade for your business, the sum of two thousand dollars per annum, with a bonus of twelve hundred dollars, provided my individual sales amounted to sixty thousand dollars in twelve months, is hereby accepted.

"If, on the first day of April, you are not satisfied with the manner in which my services are rendered, this engagement will be annulled on your paying me one hundred and fifty dollars for services in March, 1870.

"Yours respectfully,

(Signed)                                "JOHN P. STAGG."

Across the face of this document is written:

"This is accepted, subject to the approval of F. Belden.

(Signed)                                "W. C. BELDEN."

This occurred during the absence of the defendant. He returned, however, on the thirteenth of April, 1870, and on the twenty-fifth of the same month he discharged the plaintiff. The defense is that, neither Eames nor W. C. Belden had authority to employ the plaintiff, and as soon as the defendant was informed that the plaintiff was employed under the written contract by the year, he repudiated the contract and discharged the plaintiff. If Eames and W. C. Belden had no authority to employ the plaintiff their act should have been repudiated immediately. This was not done. The defendant, however, contends that it was the duty of the plaintiff to have communicated to him the contract, and, if it was not repudiated earlier, it was the fault of the latter. The contract was known to Eames and W. C. Belden who were the managers of defendant's store and his agents. It was their duty to advise him that they had employed the plaintiff. And the proof is that, soon after the contract was made, the defendant was so advised by Eames; but, in that correspondence, Eames stated that the plaintiff was employed at $150 per month and was liable to be discharged at any time at the option of the defendant. That the defendant's agent failed to give him correct information in regard to the contract with plaintiff was unfortunate; it was not, however, the fault of the plaintiff.

Stagg v. Belden.

But when the defendant returned to his store on the thirteenth of April, 1870, and found the plaintiff employed as a clerk, it was his duty to inquire the terms upon which he was employed. Nothing was said, however, upon the subject, until finding business growing dull and there being too many clerks, he concluded to discharge the plaintiff on the twenty-fifth of April, twelve days after his return. The defendant contends that as the contract was accepted subject to his approval, he is not bound thereby. His silence from early in March till twenty-fifth April, must be regarded as a tacit acceptance of the employment of. the plaintiff, because the proof is, he acquiesced during this period, although advised early in March of said employment.

There is no doubt that the plaintiff accepted the situation subject to the approval of F. Belden, under the belief that his agents Eames and W. C. Belden would communicate to their principal the terms of the contract and that he would either ratify or reject it within the thirty days fixed as the period of probation. Any other construction of the contract would allow the defendant, through his agents, to perpetrate a fraud on the plaintiff; it would allow him to get the services of the plaintiff at a period when they were doubtless really needed, on terms more favorable to him than those consented to by the plaintiff. If the view taken by the defendant be correct, he has been greatly benefited by the course pursued by Eames his agent, in giving incorrect information in regard to the contract by which the plaintiff was employed. By thus withholding from their principal the exact terms of the contract, Eames and W. C. Belden have succeeded in gaining for him the services of the plaintiff on a probation of nearly sixty days, notwithstanding his positive refusal to serve on a longer probation than thirty days.

If defendant's theory be good he could have held the plaintiff as well, if his interest demanded it, on a probation of six or nine months. He could have stood by and gained the advantages of the plaintiff's labor as long as his interest required it, knowing that his agents would withhold from him the terms of the contract so that he would not be compelled to ratify or reject it.

We think both the equity and the law of the case is with the plaintiff and the conclusion of the court below was correct.

Judgment affirmed.

---

MORGAN, J., *dissenting*. In this case the contract, which was in writing, was made by the party holding defendant's power of attorney, and was subject to his (the defendant's) ratification. This ratification was never given. I therefore, think that the plaintiff has no case, and I dissent from the opinion of the majority.

Rehearing refused.